**[NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

No. 02-1195

RTA TRANSIT SERVICES, INC.,

Plaintiff, Appellee,

v.

AMALGAMATED TRANSIT UNION, LOCAL 22,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Howard, Circuit Judge.

Gary H. Goldberg for appellant.
Michael D. Badger with whom D. M. Moschos and Mirick,
O'Connell, DeMallie & Lougee were on brief for appellee.

September 27, 2002

**Per curiam.** Following a refusal of appellant Amalgamated Transit Union, Local 22 ("Local 22") in February 2001 to work overtime, appellee RTA Transit Services, Inc., ("RTA") sought injunctive and declaratory relief. The parties subsequently entered into a stipulation, accepted by the district court, agreeing not to engage in future work stoppages and to submit all complaints of alleged violations of the collective bargaining agreement to grievance and arbitration procedures consistent with the arbitration clause of the collective bargaining agreement. In November 2001, RTA sought to hold Local 22 in contempt for another refusal to work overtime. The court found an illegal work stoppage, but did not impose a sanction and warned that it would impose a substantial fine "if this happens again."

In January 2002, RTA, carrying out an ordered realignment and reduction of bus routes, alleged violations of both the prior stipulation and the collective bargaining agreement through a refusal of Local 22 to complete a required re-rating, and filed an emergency motion for contempt. Local 22 filed an emergency motion to compel arbitration on the issue of whether it was required to conduct the re-rating under the circumstances, claiming that it did not have the requisite documentation from RTA. Hearing was held on both motions and affidavits submitted.

Following the hearing, the district court issued an order on January 24, 2002, which in relevant part required (1) Local 22 to complete the re-rating process by January 31, 2002, in default of which action monetary sanctions would be imposed, and (2) both

-2-

parties to submit alleged grievances relating to the collective bargaining agreement to expedited arbitration.

Local 22 completed the re-rating as ordered and no sanctions were imposed. On January 30, the district court denied Local 22's motion to compel arbitration or, in the alternative, to clarify its re-rating order, wherein Local 22 specifically asked "whether or not the Court is precluding an arbitrator from deciding whether the Union is required to perform a re-rating if other related provisions of the contract are being violated." Local 22 subsequently appealed both orders.

Meanwhile, arbitration proceedings were initiated and a hearing held on other grievance matters. The arbitrator has refused Local 22's request to rule on the issue of whether the January 22 re-rating should have been required under the circumstances, on the basis that he has no authority to overrule a district court order. Local 22 subsequently renewed its motion to compel in the district court, asking the court once again to send the January re-rating issue to the arbitrator. On September 4, the district court issued its response, declining to rule pending this court's decision.

In view of the above, we conclude that although the court in its order of January 24, 2002, found Local 22 in contempt, that contempt was purged by Local 22's completion of the re-rating as ordered. Thus, the issue of the validity of the contempt portions of the court's orders is moot. Having no appellate jurisdiction, we refrain from any judgment.

Nevertheless, Local 22 also seeks a ruling from this court on the validity of the district court's decision to assume jurisdiction over the underlying issue, namely, whether Local 22 was required to do the January re-rating pursuant to the collective bargaining agreement. The unusual procedural posture of this case, however, complicates this court's ability to respond. Whether or not the January 30 order of the district court, refusing to clarify its January 24 order or compel arbitration, would have been appealable to this court, the subsequent actions of the parties, seeking further rulings from both the arbitrator and the district court, complicate the problem.

Although the arbitrator is currently seized of a number of issues that will be subject to judicial review upon conclusion, he has already ruled that he will not revisit this issue. The district court, however, has not reached a final decision on Local 22's subsequent renewed request that the issue be sent to arbitration.

In this posture of the case, it seems to us in the interests of expedition and judicial economy to give the district court freedom to address Local 22's request and bring this phase of litigation to completion. We therefore retain jurisdiction pending the district court's final order on Local 22's renewed motion requesting that the district court send this issue to arbitration. The parties, and the district court, are directed to notify the clerk of this court when the district court rules. If no request for further appellate review is received within thirty days of that

ruling, the remainder of this appeal will be dismissed without prejudice and without the assessment of costs.

<u>Appeal</u> <u>dismissed</u> <u>in</u> <u>part</u>.  <u>Jurisdiction</u> <u>retained</u> <u>pending</u> <u>final</u> <u>disposition</u> <u>by</u> <u>the</u> <u>district</u> <u>court.</u>